UNITED STATES, Appellee

v

AARON BRUCE SAYERS, Seaman Apprentice,
U. S. Navy, Appellant

20 USCMA 462, 43 CMR 302

*Lieutenant David G. Grimes, Jr.*, JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Thomas J. Donegan, Jr.*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever*, USMC, and *Commander Michael F. Fasanaro, Jr.*, JAGC, USNR.

## Opinion of the Court

FERGUSON, Judge:

The contents of the convening order, establishing the special court-martial before which this accused was tried, is the basis for our grant of review on the following issues:

I. Whether the convening authority erred to the prejudice of the appellant in detailing two military judges to the court.

II. Whether trial by military judge alone was authorized in view of the restrictive language of paragraph 2 of the convening order dated May 11, 1970.

The whole of the convening order is set forth in the Appendix of this opinion. For our purpose, we need only set forth the questioned entries:

"1. A special court-martial is hereby convened. It may proceed at the Naval Administrative Command, Naval Training Center, Great Lakes, Illinois, at 0830, 11 May 1970, or as soon thereafter as practicable, to try such persons as may properly be

brought before it. The court will be constituted as follows:

"MILITARY JUDGE

"Lieutenant Ronald M. Whyte, JAGC, U. S. Naval Reserve, certified in accordance with Article 26 (b), as evidenced by JAG Instruction 5817.1 of 14 July 1969, and previously sworn in accordance with Article 42(a).

"Lieutenant Michael A. Rhine, JAGC, U. S. Naval Reserve, certified in accordance with Article 26(b), as evidenced by JAG Instruction 5817.1 of 14 July 1969, and previously sworn in accordance with Article 42(a).

"MEMBERS

". . . [Names omitted—See Appendix.]

. . . . .

"2. All cases in the hands of the trial counsel of the special court-martial convened by this command, in which trial proceedings have not

---

* Also decided and affirmed this date on the principles of law set forth herein were United States v Brooks, No. 22,091; United States v Bailey, No. 23,556; United States v Groom, No. 23,558; United States v Carson, No. 23,595; United States v Quinn, No. 23,601; United States v Angelos, No. 23,632; United States v Burch, No. 23,657; United States v Rowe, No. 23,738; United States v Taylor, No. 23,739; United States v Welles, No. 23,748; United States v Williams, No. 23,787; United States v Casey, No. 23,877; and United States v Williams, No. 23,880.

begun or in which the accused has not requested trial by the military judge alone, will be brought to trial before the court hereby convened."

At the written request of the accused, and with the concurrence of the military judge, the trial was held before Lieutenant Whyte alone. The record of trial contains this notation: "The other military judge was absent and detailed for administrative purposes only."

I

Appellate defense counsel contends that the appointment of two military judges to a single court-martial is in violation of Articles 16 and 26, Uniform Code of Military Justice, 10 USC §§ 816 and 826; paragraph 39d and Appendix 4, Manual for Courts-Martial, United States, 1969 (Revised edition); and section 0106 of the Manual of the Judge Advocate General, Department of the Navy. Since a court-martial must be convened strictly in accordance with the statute creating it (McClaughry v Deming, 186 US 49, 46 L Ed 1049, 22 S Ct 786 (1902)), they aver that the error was jurisdictional. In addition, they cite United States v McLaughlin, 18 USCMA 61, 39 CMR 61 (1968), as authority for their contention that it was improper to assign two judges where only one judge was authorized by law to preside.

Government appellate counsel take the position that the detailing of two judges, in the convening order, was strictly for administrative convenience—in order to facilitate the trial of cases within the command. They distinguish McLaughlin on the ground that when an accused requests to be tried by military judge alone, he, thereby, determines the membership of the court and thus eliminates the potential for manipulation by the convening authority, condemned in McLaughlin.

Subsequent to the arguments before this Court, Government counsel, with permission, filed an affidavit from the former legal adviser to the convening authority. Therein, he explained that the military judges utilized by the Naval Administrative Command were obtained from the District Law Center, established in 1969 following the changes in the Code. These judges (two are regularly made available), while remaining attached to the Law Center, pursued their duties at the command on those days when cases were to be tried. Since it was the practice for each judge to be on the bench approximately one week and then to exchange duties with the other judge, who had been performing duties at the Law Center, it became the practice to list both judges on the appointing order for simplicity of administration. The schedule for the appearance of the judges was known ahead of time by both trial and defense counsel.

The practice should be discontinued. See United States v McLaughlin, supra, and United States v Simpson, 16 USCMA 137, 36 CMR 293 (1966). In *McLaughlin,* the original appointing order designated twelve officers as members of the special court-martial. One additional member was added to the membership by subsequent endorsement. On the day of trial, only three of the thirteen members of the court appeared. The reason for the appearance of so small a number of the total membership was apparent from a memorandum by the convening authority captioned " 'Assignment of court members; date of.' " The memorandum set up the special court-martial " 'schedule' " for sessions for the month of February. It listed a number of dates and under each date appeared the names of only three of the members of the court. The memorandum also provided that if additional members were required in each group because of challenge or other reason " 'they will be taken according to availability in the order listed in the appointing order.' " Finally, the memorandum directed that members of the court " 'not named to sit as a member on a specific day according to the . . . schedule will be considered excused by the Convening authority.' "

Concerning this practice, we said in *McLaughlin,* at pages 63 and 64:

"We have no doubt that the organization of the court effected by the memorandum was well-intentioned; but it is manifestly wrong. Appointment of court members with the intention, and in accordance with a prearranged plan, that they not attend every session for which they have no excuse for absence has been 'specifically and vehemently reprehended by service boards of review' and by this Court. United States v Allen, 5 USCMA 626, 638, 18 CMR 250 [1955]. More importantly, the control over the court-martial exercised by the convening authority by means of the memorandum is contrary to the Uniform Code, supra, and the Manual for Courts-Martial, United States, 1951. . . .

· · · · ·

". . . It is the kind of command control over the day-to-day functioning of a particular court-martial that we cannot sanction."

We found the error in *McLaughlin* prejudicial and reversed the conviction.

United States v Simpson, supra, presented a different facet of the same question. In *Simpson,* the convening authority established three special courts-martial to serve for the entire calendar year. Each met once a week, one on Monday, another on Wednesday, and the third on Friday. When the convening authority determined to refer a charge to trial by special court-martial he " 'made a specific referral' to *a* special court-martial, but he did not designate which of the three would hear the case." When defense counsel was ready to go to trial, he notified trial counsel. The case was then assigned by trial counsel to the particular court that met first after defense counsel's notification. In holding this practice erroneous, we stated in *Simpson,* at pages 139 and 140:

"Undeniably, customary procedure contemplates that the convening authority designate, in the order of reference, the particular court-martial to which the case is assigned. If the requirement is not fully spelled out in the Uniform Code, it is clearly delineated in the Manual for Courts-Martial, which in this area has the force of law. United States v Smith, 13 USCMA 105, 32 CMR 105 [1962]. The form of indorsement on the charge sheet which provides for the reference of the charges to trial plainly requires the designation. Manual for Courts-Martial, supra, Appendix 5, page 467. The requirement is further evidence in the Guide—Trial Procedure of the Manual. In the Guide, trial counsel's statement to the court members, as to the action taken on the charges, refers to the fact that they 'are properly *referred to this court for trial by*——, *the convening authority.'* (Emphasis supplied.) *Id.,* Appendix 8a, page 507. See also Department of the Army Pamphlet No. 27–173, Military Justice, Trial Procedure, page 9 (1964). It follows, therefore, that the assignment procedure utilized in this case was contrary to prescribed practice, and was error."

The procedure in *Simpson* was apparently intended and used to expedite the disposition of cases in the command and not for a nefarious purpose. While erroneous, we held it to be not prejudicial to that accused since it afforded him an opportunity to obtain trial at a time convenient to him; he did not suggest that he suffered any disadvantage as a result of the procedure; and, especially, in light of his plea of guilty. United States v Cruz, 10 USCMA 458, 28 CMR 24 (1959).

Like *McLaughlin* and *Simpson,* the procedure utilized in this case is not authorized in the Code or the Manual. Articles 16 and 26, Code, supra; paragraph 39d and Appendix 4, Manual, supra. There is simply no authority for the assignment of two judges to a single court where only one can serve. Nor does there appear to be any particular need for the practice. A simple endorsement to the original order is all that

is necessary to change judges, where a change is required.

The situation in the case at bar is illustrative. The judges were supplied by another command on a weekly basis. The time of their availability was known beforehand by the convening authority and by counsel. By order dated March 30, 1970 (Serial 14), the convening authority appointed a special court with Lieutenant Whyte as military judge. Charges against the accused were referred to trial by this court on May 5, 1970, and served on the accused the following day by trial counsel. Before the case came to trial, a new special court was established on May 11th (Serial 21) with Lieutenants Whyte and Rhine, both listed as military judges. Apparently, when the case was tried, May 12th, Lieutenant Whyte's week to serve as military judge had not as yet been completed. Rather than listing both judges on the one order, the convening authority should have identified only Lieutenant Whyte. When Whyte's time was up, an endorsement to the order reflecting the change to Lieutenant Rhine would have been sufficient to establish his authority as military judge in cases to be tried by the court established by Serial 21. The designation of the membership of courts-martial is too important to be controlled by administrative convenience.

The accused does not suggest that he suffered any disadvantage as a result of the procedure followed in this case. Prior to trial he was aware of the identity of the military judge available to hear his case and requested, in writing, to be tried by him alone. Under the circumstances, the unauthorized proceeding does not require reversal, especially in view of his provident plea of guilty. United States v Simpson, supra.

II

The second issue questions the authority of the military judge alone to try this case, in light of the wording of paragraph 2 of the convening order, which directs that:

"All cases in the hands of the trial counsel of the special court-martial convened by this command, in which trial proceedings have not begun or *in which the accused has not requested trial by the military judge alone,* will be brought to trial before the court hereby convened." [Emphasis supplied.]

The wording of this paragraph follows the wording suggested at page 2, Appendix 4, Manual, supra, for use in convening a general or special court-martial, except for those instances in which a military judge is not available for special court-martial duty. The verbiage compares favorably with the suggested language in the 1951 Manual (Appendix 4, page 463), which has stood the test of usage for nearly twenty years:

" 'All unarraigned cases in the hands of the trial counsel of the general [special] court-martial convened by —————, will be brought to trial before the court hereby appointed.' "

The basic difference between them is contained in the current reference to those cases "in which the accused has not requested trial by the military judge alone." Trial by military judge alone is an option made possible by virtue of the amendment of Article 16 of the Code through the Military Justice Act of 1968. Public Law 90–632, 90th Congress, 2d Session, 82 Stat 1335.

Government appellate counsel contend that the language utilized in paragraph 2 of the convening order, merely recognizes that once the accused has had his case referred to trial before a certain court, he has the right to have the named military judge take final action on his request and try his case if the request is granted. They aver that the apparently restrictive phrasing had no effect whatsoever on the accused's ability to request and have a trial by military judge alone.

Appellate defense counsel maintains that the language is ambiguous and presents the possibility of manipulation in the assignment and scheduling

of cases by persons other than the convening authority, in a way which might determine which courts-martial would try which cases. They suggest that the verbiage contained in Appendix 4 of the Manual, supra, be amended to reflect that cases in the hands of trial counsel be tried by the named court " 'or before the military judge alone, upon compliance with Article 16(1)(B), UCMJ.' "

The precise meaning and intent of the new verbiage is not clear. The Analysis of Contents, Manual for Courts-Martial, United States, 1969, reflects that *no material changes* were made in Appendix 4, from that which appeared in the 1951 Manual. If the added language was in▬tended to indicate that those cases wherein a request for trial by judge alone are to be referred to some other court where only a judge has been assigned, the language is improper. Such a referral would be illegal. The legislative history of the Military Justice Act of 1968 (Senate Report No. 1601, 90th Congress, 2d Session) and Article 16, Code, supra, make it manifest that the convening authority does not have the power to convene a single officer court. Trial by a court composed of a military judge alone is an option open only to the accused, with the consent of the military judge assigned to the court, and the convening authority is without power to interfere. United States v Dean, 20 USCMA 212, 43 CMR 52 (1970). When the accused makes such a selection, he thereby consents to the absence of the appointed members. The members must still be named in the appointing order or else the court will not be established in accordance with the statute. Article 16, Code, supra. See United States v Robinson, 13 USCMA 674, 33 CMR 206 (1963).

If, on the other hand, the added language was intended to recognize that the right of an accused to be tried by the military judge ▬▬ of a previously designated court may not be abridged, the language is applicable only in those few instances where a new court is established and the accused has, prior to the establishment of the second court, requested in writing to be tried by the judge of the court to which his case was originally referred. In such a case, the added language, which is, in effect, an instruction from the convening authority to trial counsel, adds nothing to the order, for once the accused has requested in writing to be tried by the military judge alone, the convening authority, as noted above, is without power to interfere. United States v Dean, supra. Trial counsel is already aware of this fact. Absent such a request, however, the convening authority may, in his discretion, withdraw a case from one court and direct that it be tried by another. Paragraph 56, Manual, supra. See Petty v Moriarty, 20 USCMA 438, 43 CMR 278 (1971). Where the accused is brought to trial before the court to which the convening authority originally referred his case, the added language is patently superfluous.

We can only conclude that the questioned language is surplusage, as it adds no new dimension to the establishment of a court-martial and its authority to hear the cases referred to it. The elimination of the additional reference to trial by judge alone is recommended.

The accused does not suggest that he suffered any disadvantage from the erroneous assignment of the extra military judge, *for administrative purposes,* or by the surplus language contained in paragraph 2 of the convening order. We agree that he was not prejudiced.

The decision of the Court of Military Review is affirmed.

# APPENDIX

## "TRANSIENT PERSONNEL UNIT NAVAL ADMINISTRATIVE COMMAND NAVAL TRAINING CENTER GREAT LAKES, ILLINOIS

FJ58:mln
5813
Ser: 21
11 May 1970

From: Officer in Charge, Transient Personnel Unit, Naval Administrative Command, Naval Training Center, Great Lakes, Illinois

To: Lieutenant Commander Richard E. Jacob, CEC, U. S. Navy, Public Works Center, Naval Training Center, Great Lakes, Illinois

Subj: Appointing a special court-martial

1. A special court-martial is hereby convened. It may proceed at the Naval Administrative Command, Naval Training Center, Great Lakes, Illinois, at 0830, 11 May 1970, or as soon thereafter as practicable, to try such persons as may properly be brought before it. The court will be constituted as follows:

### MILITARY JUDGE

Lieutenant Ronald M. Whyte, JAGC, U. S. Naval Reserve, certified in accordance with Article 26(b), as evidenced by JAG Instruction 5817.1 of 14 July 1969, and previously sworn in accordance with Article 42(a).

Lieutenant Michael A. Rhine, JAGC, U. S. Naval Reserve, certified in accordance with Article 26(b), as evidenced by JAG Instruction 5817.1 of 14 July 1969, and previously sworn in accordance with Article 42(a).

### MEMBERS

Lieutenant Commander Richard E. Jacob, CEC, U. S. Navy, PRESIDENT;

Lieutenant Richard H. Pilkington, MSC, U. S. Naval Reserve;

Lieutenant Robert Massey, U. S. Navy; and

Lieutenant (junior grade) Peter W. Giuliano, U. S. Naval Reserve, MEMBERS.

### COUNSEL

Lieutenant Lynn G. Kuykendall, JAGC, U. S. Naval Reserve, TRIAL COUNSEL, certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a).*

Lieutenant Randall J. Gingiss, JAGC, U. S. Naval Reserve, TRIAL COUNSEL, certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a).*

Lieutenant Dennis L. Frostic, JAGC, U. S. Naval Reserve, DEFENSE COUNSEL, certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a).**

Lieutenant Gerald T. Hoff, JAGC, U. S. Naval Reserve, DEFENSE COUNSEL, certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a).**

Lieutenant Dennis L. Kemp, JAGC, U. S. Naval Reserve, DEFENSE COUNSEL, certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a).**

Lieutenant Gary S. Helgeson, JAGC, U. S. Naval Reserve, DEFENSE COUNSEL, certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a).**

2. All cases in the hands of the trial counsel of the special court-martial convened by this command, in which trial proceedings have not begun or in which the accused has not requested trial by the military judge

---

* Any one or both may act as trial counsel in any one case.

** Any one or all may act as defense counsel in any one case.

alone, will be brought to trial before the court hereby convened.

/s/ C. A. Brown
C. A. BROWN
Lieutenant Commander, U. S. Navy
Officer in Charge
Transient Personnel Unit
Naval Administrative Command
Naval Training Center.

/s/ L. Kuykendall."

Judge DARDEN concurs.

QUINN, Chief Judge (concurring in part and dissenting in part):

I agree generally with the first part of the principal opinion. However, I believe that the second part misconstrues the import of paragraph 2 of the court-martial order.

As I read it, the transfer provision has nothing to do with appointing a court-martial consisting only of a military judge. It is intended only to preserve to an accused who has, prior to promulgation of the new court-martial order, requested trial by the military judge alone, to have the request acted upon; that kind of case remains with the old court-martial. The provision, therefore, is not surplus to the new court-martial order, but a specific limitation on the kind of cases transferred to it from the old court-martial.