UNITED STATES, Appellee

v

ROBERT MAC BINGHAM, Damage Controlman
Fireman Apprentice, U. S. Navy, Appellant

20 USCMA 521, 43 CMR 361

No. 23,771

April 23, 1971

*Lieutenant Arthur H. Rainey*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.*, JAGC, USN, and *Lieutenant Thomas F. Bastow*, JAGC, USNR, were on the pleadings for Appellee, United States.

### Opinion of the Court

QUINN, Chief Judge:

Two of the three issues presented by this appeal from a special court-martial conviction were decided adversely to the accused in United States v Sayers, 20 USCMA 462, 43 CMR 302 (1971). The third deals with the sufficiency of the trial judge's inquiry into the providence of the accused's plea of guilty to four specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, as measured by the requirements of United States v

Care, 18 USCMA 535, 40 CMR 247 (1969).

In *Care,* supra, at page 541, we indicated that before accepting a plea of guilty, the trial judge must, among other things, advise the accused that a plea of guilty waives the "right to a trial of the facts by a court-martial." Here, no reference was made to this right in terms of the quoted excerpt. However, the accused had earlier been informed, and he acknowledged he understood, that he had the right to trial by a court-martial composed of commissioned officers and enlisted persons, but he elected to be tried by the judge alone and he assured the judge that he had absented himself without authority on the occasions listed in the specifications and he knew he was guilty of those offenses. He was informed, and indicated that he understood, he had the right to plead not guilty, even if he was guilty, and that a plea of guilty was "a form of self-incrimination" which "always results in a finding of guilty." Finally, he was advised he had a constitutional right "to confront all the witnesses" against him, but there would be "no witnesses to testify against" him if he pleaded guilty because he would "automatically be found guilty on . . . [his] plea alone."

When the accused is legally entitled to advice as to particular rights, the substance, not the form, of the information imparted to him determines whether he has been properly advised. United States v Mewborn, 17 USCMA 431, 435, 38 CMR 229 (1968). Matching the totality of advice given with the requirement of *Care,* we are satisfied that the accused was adequately advised, and understood, that a plea of guilty would waive the "right to a trial of the facts by a court-martial."

The decision of the United States Navy Court of Military Review is affirmed.

Judge DARDEN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree that the assignment of two military judges in the same court-martial appointing order, while erroneous, did not prejudice this accused nor was he prejudiced by the superfluous language in paragraph 2[1] of the same order. United States v Sayers, 20 USCMA 462, 43 CMR 302 (1971). I disagree, however, with the holding that the accused was properly informed, by the military judge, of the consequences of a guilty plea. United States v Care, 18 USCMA 535, 40 CMR 247 (1969).

In United States v Care, supra, this Court placed upon the military judge, or the president of the court where there is no military judge, the responsibility of questioning the accused and eliciting his responses, *on the record,* relative to what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge or president whether the acts or omissions of the accused constitute the offense or offenses to which he is pleading guilty. In addition, we directed:

"Further, the record must also demonstrate the military trial judge or president personally addressed the accused, advised him *that his plea waives his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him; and that he waives such rights by his plea.* Boykin v Alabama, . . . [395 US 238, 23 L Ed 2d 274, 89 S Ct 1709 (1969)]. Based upon the foregoing inquiries and such additional interrogation as he deems necessary, the military trial judge or president must make a finding that there is a knowing, intelligent, and conscious waiver in

---

[1] "2. All cases in the hands of the trial counsel of the special court-martial convened by this command, in which trial proceedings have not begun *or in which the accused has not re-* *quested trial by the military judge alone,* will be brought to trial before the court hereby convened." (Emphasis supplied.)

<br>

order to accept the plea." [*Ibid.*, at pages 541–542.] [Emphasis supplied.]

In the case at bar, the military judge, during his inquiry into the providence of the plea, informed the accused that "[y]our plea of guilty is a form of self-incrimination" and that such a plea always results in a finding of guilty unless the accused changes it. After discussing the maximum imposable punishment, the military judge stated:

"MJ: Do you also know that you have a constitutional right to confront all the witnesses which the government might call to testify against you. Did you know that?

"ACCUSED: Yes, sir.

"MJ: The only way you can exercise that right is to plead not guilty. If you plead guilty there will be no witnesses to testify against you, you will automatically be found guilty on your plea alone. Now, Bingham, you understand that pleading guilty is not to be taken lightly, don't you?

"ACCUSED: Yes, sir, I do.

"MJ: Do you want to change your plea?

"ACCUSED: No, sir."

Nowhere in this record do I find any advice to the accused by the military judge that by his plea of guilty the accused waived "his right to a trial of the facts," and thereby relieved the Government of the burden of proving him guilty beyond a reasonable doubt. This failure to inform the accused of his constitutional prerogative, as mandatorily required by *Care,* in my opinion, constitutes prejudicial error. United States v *Care,* supra.

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.