## UNITED STATES

v.

**Charles R. WEISHAAR, 496 66 4072, Engineman Fireman Apprentice (E–2), U. S. Navy Reserve.**

**NCM 77 2215.**

U.S. Navy Court of Military Review.

Sentence Adjudged 20 June 1977.

Decided 11 Sept. 1978.

LT Michael F. Fink, JAGC, USNR, Appellate Defense Counsel.

LT Richard A. Joyce, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, BAUM and GLADIS, JJ.

BAUM, Judge:

Appellant has assigned four errors before this Court. The Government concurs in one—the assertion of improvidence of the plea of guilty to Charge I and its specification, which alleges that appellant went from his appointed place of duty. The Government agrees that no one in authority approved appellant's assumption of another's watch and therefore no " . . . certain authority appointed a certain time and place of duty for the accused . . . "

from which he absented himself. We also agree with this assertion and will set aside Charge I and its specification. The remaining assignments of error are rejected.

■ Several irregularities, which have not been assigned as error, warrant noting. First, the convening authority amended his appointing order on 1 June 1977 to appoint an additional judge, apparently for the sole purpose of conducting a preliminary session pursuant to Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a). We are aware of no authority for appointment of an extra judge for the limited purpose of presiding over an Article 39(a) hearing. The practice of appointing more than one judge for unlimited use on a court was condemned in *United States v. Sayers*, 20 U.S.C.M.A. 462, 43 C.M.R. 302 (1971), and we find that ruling equally applicable to the case at hand. The multiple appointment here was error but, as in *Sayers*, no specific prejudice to appellant is apparent, and we deem appellant's failure to object as waiver of the error. Convening authorities, however, are enjoined to avoid such practice in the future.

■ At the Article 39(a) session conducted by the additional judge, a motion for dismissal for want of jurisdiction was fully litigated and denied. After denial, appellant was arraigned and the case continued, " . . . until a time to be reset by counsel and the Military Judge in this particular case." Approximately three weeks later, the case was tried before still another judge who, through another amendment, had replaced the judge named initially in the original appointing order. Paragraph 39*e*, *Manual for Courts-Martial, United States, 1969* (Revised edition), prohibits replacement of the military judge during the progress of a trial, " . . . except for physical disability, as a result of challenge, or for other good cause." That paragraph further provides that, "[t]he record of trial should show the facts which constitute good cause." No effort was made to set forth facts that would establish good cause, or to give any reason for conducting the arraign-

ment and litigation of a motion before one judge and trial on the merits before another. As in *United States v. Bumgarner*, 49 C.M.R. 770 (A.C.M.R.1974), and *United States v. Butson*, 47 C.M.R. 973 (A.C.M.R. 1973), however, we consider appellant's failure to object as waiver. The same holds true of appellant's acceptance without objection of the last judge's failure to affirmatively indicate his ratification of the earlier judge's actions at the Article 39(a) session and his failure to afford appellant an opportunity to *voir dire* and challenge him for cause.

 Finally, it is noted that 84 days after trial, the supervisory authority signed an "Interlocutory Action," purporting to suspend " . . . that portion of the sentence extending to confinement at hard labor beyond 16 Sept. 1977," the 87th day after trial. Almost 2 months later, the supervisory authority acted on the findings and sentence pursuant to Article 65(b), Uniform Code of Military Justice, 10 U.S.C.A. § 865(b). We find no authority for suspension of a portion of a sentence before a case is reviewed and acted upon pursuant to the appropriate Article of the UCMJ. In fact, paragraph 88*e*(1), MCM, 1969 (Rev.), provides for suspension only at the time the convening authority approves a sentence. As stated by the Army Court of Military Review in *United States v. Franklin*, 41 C.M.R. 431 (A.C.M.R.1969): " . . . [It is an] elementary rule that the time for the convening authority to suspend the execution of all or part of a sentence is 'at the time he approves [the] sentence' in his ac-

tion upon the record of trial."[1] Underlying findings and sentence must be approved before suspension can be ordered. We, therefore, deem the "Interlocutory Action" a nullity, and without legal effect. As in *United States v. Ledbetter*, 2 M.J. 37 (C.M. A.1976), where purported deferment of confinement by the convening authority was declared illegal, the remaining confinement continues to run and, in the instant case, should have expired by the time the general court-martial authority took his lawful action on the case. Since appellant raised no objections to the supervisory authority's actions, either before this Court or with the supervisory authority, and he has not claimed a denial of speedy review, we, again, find waiver.

The findings of guilty to Charge I and its specification are set aside and dismissed. The remaining findings of guilty are affirmed and, after reassessment, the sentence, too, is affirmed, except for the purported suspension of a portion of the confinement, which is a nullity. The approved sentence of 4 months confinement at hard labor is deemed to have run continuously from the date adjudged until completion.

Senior Judge DUNBAR and Judge GLADIS concur.

---

1. *Id.* at 434.