**UNITED STATES, Appellee,**

v.

**Private First Class John B. BAILEY, 511–68–6118, United States Army, Appellant.**

**CM 445951.**

U.S. Army Court of Military Review.

29 May 1985.

Captain Wendell A. Hollis, JAGC, argued the cause for appellant. With him on the brief were Lieutenant Colonel William P. Heaston, JAGC, and Major Lawrence F. Klar, JAGC.

Captain Samuel J. Rob, JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, and Major Thomas M. Curtis, JAGC.

Before McKAY, FELDER, and LYM-BURNER, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

Private First Class Bailey was tried in Germany on 20 March 1984 by a military judge sitting as a general court-martial. He pleaded guilty and was convicted of a violation of a general regulation proscribing possession of drug paraphernalia, one specification each of wrongful use and distribution of marijuana, making a false official statement, and larceny.[1] As provided by the terms of a pretrial agreement, the convening authority approved the adjudged

sentence to be dishonorably discharged, to forfeit all pay and allowances, to be reduced to the grade of Private E–1, and to be confined at hard labor for 18 months, and suspended the confinement in excess of one year. Bailey now contends the military judge erred by denying his motion to dismiss the charges because of unlawful command influence, by his failure to advise Bailey of his constitutional rights given up by pleading guilty, and by his failure to advise Bailey of his rights not to enter into stipulations of the expected testimony of witnesses on a defense motion. We hold the military judge erred when he failed to advise the appellant that by pleading guilty he waived certain constitutional rights and we authorize a rehearing.

There is no merit to the appellant's assertion of unlawful command influence. *See United States v. Serrano,* 19 M.J. 969 (A.C.M.R.1985). We also find no grounds for relief resulting from the military judge's error in failing to advise Bailey regarding his entry into several stipulations. *See United States v. Thomas,* 6 M.J. 573, 576 (A.C.M.R.1978), *aff'd,* 8 M.J. 216 (C.M.A.1980).

The following facts are necessary for an understanding of the Court's disposition of the final assigned error. After arraignment and extensive litigation on a motion to dismiss the charges because of unlawful command influence, the appellant entered his pleas. The military judge then initiated an inquiry into their providence and developed the facts and circumstances surrounding the charged offenses, recited and explained the elements of the offenses, and examined and explained the provisions of the pretrial agreement. Afterwards he asked the trial defense counsel if he had explained to the appellant his "evidentiary and testimonal rights." Receiving assurances from the defense counsel that he had so advised his client and indications from the appellant that he had no questions as to the meaning and effect of his pleas of

---

1. In violation of Articles 92, 134, 107, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934, 907, and 921 (1982), respectively.

guilty, the military judge accepted the appellant's pleas after specifically finding that he had knowingly, intelligently, and consciously waived his rights against self-incrimination, to a trial of the facts by a court-martial, and to be confronted by the witnesses against him. Notably absent from the record is the military judge's advice to the appellant regarding the meaning and effect of a guilty plea and the rights the appellant waived by pleading guilty.

In *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969), the United States Court of Military Appeals, citing the Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), established a requirement for courts-martial that records of trial "demonstrate the military judge ... personally addressed the accused, advised him that his [guilty] plea waives his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him." *Care*, 40 C.M.R. at 253. The Manual for Courts-Martial, United States, 1969 (Revised edition) was amended to include the requirements of the *Care* decision by Change 1, dated 27 January 1975. Paragraph 70*b* (2) of the 1969 Manual provided, at the time of this trial, that the military judge "must also personally advise the accused" as mandated by the *Care* decision.[2]

 These requirements thus established for courts-martial are fundamental to assuring an accused's understanding of his actions, and the failure of a military judge to follow the mandate of *Care* is prejudicial error, *United States v. Washington*, 44 C.M.R. 644 (A.C.M.R.1971), as acceptance of a guilty plea by a military judge in the absence of a knowing and intentional waiver of his rights by an accused violates the due process clause of the Constitution. *United States v. Castrillon-Moreno*, 7 M.J. 414 (C.M.A.1979); *see Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *cf. McCarthy v.*

*United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (interpreting Rule 11, Federal Rules of Criminal Procedure, the Supreme Court required waiver of constitutional rights to be intentional). The Court of Military Appeals has not required any particular manner, words or script to accomplish the advisement of these rights, having held that the substance, not the form, of the information imparted to an accused determines whether he has been properly advised. *United States v. Bingham,* 43 C.M.R. 361 (C.M.A.1971); *cf. United States v. Palos*, 42 C.M.R. 296 (C.M.A. 1970) (record demonstrated that trial judge made full explanation to accused of his rights but made no finding of knowing, intelligent and conscious waiver of rights by accused); *United States v. Mewborn*, 38 C.M.R. 229 (C.M.A.1968). Here, however, the military judge failed totally to advise the appellant either specifically or in substance. There is simply a void in the record; there is nothing the Court can point to and say—this told the appellant of his rights and that he would waive them by pleading guilty. Reliance upon assurances from counsel representing an accused (except perhaps stating his advice to the accused on the record before the military judge), as occurred here, is insufficient. Unless a factual basis appears on the record, there is nothing upon which the military judge can make a finding that an accused exercised a knowing, intelligent and conscious waiver of his rights. *United States v. Care, supra.* That factual basis is not present in the record of this case and the Court has no choice but to set aside the appellant's conviction.

 The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge FELDER and Judge LYMBURNER concur.

---

**2.** The 1984 Manual for Courts-Martial is consistent with paragraph 70*b*, of the 1969 Manual.

*See* RCM 910(c).