**UNITED STATES**

v.

**Staff Sergeant Michael L. DUDLEY, FR 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, United States Air Force.**

**ACM S26819.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 June 1985.

Decided 7 Nov. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Lieutenant Colonel Michael D. Wims and Major Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

At trial the appellant moved to suppress evidence uncovered during a search of his off-base quarters and a statement he subsequently gave law enforcement officials. After the trial judge ruled against him, he pleaded guilty to wrongful use and distribution of marijuana.

The appellant now suggests that his plea was improvident because the military judge failed to advise him that his guilty plea waived appellate review of the denial of the motion to suppress his confession and the contraband discovered in his house. In his *Goode*[1] response to the staff judge advocate's recommendation[2], the trial defense counsel acknowledged that he had "fully advised the accused on this issue," but asserted, citing *United States v. Bailey,* 20 M.J. 703 (A.C.M.R.1985), that the trial judge was also required to inform the appellant of the effect of an unconditional guilty plea[3] on his motion to suppress.

We disagree. The facts in *Bailey* are clearly distinguishable from the case at bar. In *Bailey,* rather than advising the accused of the rights he would give up by pleading guilty, the military judge merely asked defense counsel if he had explained to the accused his "evidentiary and testimonial rights." This is, of course, insufficient as the law requires the trial judge to advise the accused on the record of the legal meaning and effect of a guilty plea. R.C.M. 910(c); *United States v. Care,* 18

---

1. *United States v. Goode,* 50 C.M.R. 1 (C.M.A. 1975).

2. We have previously observed, apparently with little success, that "[S]cant purpose is served in cluttering up a *Goode* response with the merits of trial errors." *United States v. Schrock,* 11 M.J. 797, 799 n. 1 (A.F.C.M.R.1981). If trial

defense counsel think it appropriate to identify trial errors, the proper vehicle is a post-trial brief. R.C.M. 1105

3. The procedures governing conditional guilty pleas are set out in R.C.M. 910(a)(2) and discussed in some detail in *United States v. Forbes,* 19 M.J. 953 (A.F.C.M.R.1985).

U.S.C.M.A. 585, 40 C.M.R. 247 (1969). In the case at bar the trial judge conducted the required inquiry into the appellant's plea as mandated by *Care, supra,* and with the exception of the waiver issue, this inquiry was thorough. Obviously, informing an accused of the appellate consequences of a guilty plea is a better practice, *see United States v. Duesenberry,* 23 U.S.C. M.A. 287, 44 C.M.R. 536 (1955), but it is not a legal prerequisite to a provident guilty plea, if the plea is otherwise voluntarily and knowingly made.

 Accordingly, we hold that the trial judge's failure to advise the appellant that his guilty plea waived appellate review of the denial of his suppression motion did not render the plea improvident. *United States v. Jackson,* 7 M.J. 647 (A.C.M.R. 1979). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge and MICHALSKI, Judge, concur.

---

**UNITED STATES**

v.