**UNITED STATES, Appellee,**

v.

**Private First Class Steven W. ADAMS, 314–72–2310, United States Army, Appellant.**

**ACMR 8702711.**

U.S. Army Court of Military Review.

28 March 1989.

For Appellant: Major Kathleen A. VanderBoom, JAGC, Captain Thomas A. Sieg, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before KANE, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

GIUNTINI, Judge:

Pursuant to his plea, the appellant was found guilty by a military judge sitting as a general court-martial of conspiracy to commit premeditated murder, in violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881. He was sentenced to a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged.

Appellant alleges that his guilty plea was improvident because the military judge failed to advise him of his constitutional rights to a trial of the facts, to confrontation, and against self-incrimination, and that the record fails to show he was aware of these rights and that his guilty plea waived them. He also asserts that he was prejudiced when the military judge, sitting alone, ascertained the quantum portion of the pretrial agreement prior to deliberations on sentence.

On 23 October 1987, the appellant, pursuant to a pretrial agreement, entered pleas of guilty to Charge I, conspiracy to commit premeditated murder and Charge II, premeditated murder. When the military judge would not accept the plea of guilty to Charge II, the appellant withdrew his plea of guilty to Charge I.

On 30 November 1987, the appellant, in accordance with a second pretrial agreement, entered a plea of guilty to Charge I and not guilty to Charge II. The findings were in accordance with the appellant's pleas. The adjudged and approved sentence was a dishonorable discharge, confinement for 15 years, total forfeitures, and reduction to Private E1.

There is no dispute that the military judge at either proceeding never advised the appellant of his constitutional rights to a trial of the facts, to confrontation, and against self-incrimination, as required by Manual for Courts–Martial, United States. 1984, Rule for Courts–Martial [hereinafter R.C.M.] 910(c) and *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969). This was error.

In *United States v. Bailey,* 20 M.J. 703, 705 (A.C.M.R.1985), this court held that these *Care* requirements are "fundamental to assuring an accused's understanding of his actions, and the failure of a military judge to follow the mandate ... is prejudicial error, ... as acceptance of a guilty plea by a military judge in the absence of a knowing and intentional waiver of his rights by an accused violates the due process clause of the Constitution." Neither *Bailey* nor *Care* establishes a *per se* rule that a failure to fully advise an accused mandates reversal. *United States v. Harris,* 26 M.J. 729, 732 (A.C.M.R.1988). The issue is not whether there is exemplary compliance with *Care,* but rather whether the combination of all the circumstances establishes that the plea was informed and voluntary. *United States v. Burton,* 44 C.M.R. 166, 169 (C.M.A.1971).

In the instant case there was a complete failure by the military judge to advise the appellant either specifically or in substance that his plea of guilty waived his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses

against him.[1] Although the appellant was ably represented by civilian counsel and vigorously exercised his rights with respect to the contested charge, we cannot conclude beyond a reasonable doubt from the record that the appellant's guilty plea was made with knowledge of the constitutional rights he would be waiving by the entry of such a plea. *Bailey* at 705 (In absence of advisement of the [same] constitutional rights, either specifically or in substance, there is "simply a void in the record; there is nothing the Court can point to and say— this told the appellant of his rights and that he would waive them by pleading guilty"). As this court said in *United States v. Harris,* 26 M.J. 729, 733 (A.C.M.R.1988):

> We believe that the rights against self-incrimination, to a trial of the facts by court-martial, and to be confronted with the witnesses against one are fundamental, constitutionally mandated procedural rights that can be waived only by an accused on the record. An accused must voluntarily, knowingly, and intentionally relinquish a fundamental right before a waiver of that right can be said to be valid. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). We read *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as saying that waiver is not to be presumed from a silent or inadequate record.

The factual basis required for the military judge's finding of the appellant's knowing, intelligent, and conscious waiver of his rights against self-incrimination, to a trial of the facts by a court-martial and of confrontation is not present in this record of trial. The advice given to the appellant does not substantially comply with the dictates of *Care* and R.C.M. 910(c) and thus we are not convinced beyond a reasonable doubt by all the circumstances that the appellant's plea of guilty was informed and voluntary. Therefore, the conviction must be set aside.

Our disposition of the first assignment of error obviates the necessity to address the second issue concerning the military judge's premature exposure to the quantum portion of the pretrial agreement.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge KANE and Judge GILLEY concur.

---

**1.** Additionally, the military judge did not ask the appellant if his plea was voluntary and not the result of threats or promises apart from the pretrial agreement, as required by R.C.M. 910(d). He also omitted the advice to the appellant about the presumption of innocence. *See* paragraph 2–14, Department of the Army, Pamphlet 27–9, Military Judge's Benchbook (Cl, 15 Feb. 1985).