**UNITED STATES**

v.

**Sergeant Russell J. BEEHLER, FR536–76–8453 United States Air Force.**

**ACM S28407.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Aug. 1990.

Decided 8 July 1992.

---

Colonel Jeffrey R. Owens and Major Bernard E. Doyle, for appellant.

Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, and Captain Thomas E. Wand, for U.S.

Before DIXON, PRATT, and McLAUTHLIN, Appellate Military Judges.

DIXON, Chief Judge:

Consistent with his pleas, appellant was convicted of four specifications of filing false travel claims in violation of Article 132, UCMJ, 10 U.S.C. § 932. He was sentenced by a court-martial with members to a bad-conduct discharge, forfeiture of $482 pay per month for 3 months, and reduction to the grade of E–1. The convening authority approved the sentence as adjudged.

Appellant raises two issues on appeal. He first argues that his right to a fair and impartial sentencing hearing was violated by the process for selecting court members. Next, he asserts that the record does not indicate he was given an opportunity to respond to the staff judge advocate's post-trial recommendation to the convening authority. Our review discloses no basis for relief on either issue.

■■■ We first focus on the assignment of error dealing with member selection. At trial, appellant's counsel challenged each of the members claiming an institutional bias in the selection process at McChord Air Force Base, favoring commanders. He also asserted that the members were hand-picked by the staff judge advocate rather than by the convening authority. We are not persuaded by the Government's contention that the challenge to the selection

process was waived by the failure to raise this issue before entering pleas. The issue could not reasonably have been sooner raised. R.C.M. 912(b). *United States v. Cruz*, 20 M.J. 873 (A.C.M.R.1985); *United States v. Hilow*, 32 M.J. 439 (C.M.A.1991). Once the defense at trial raises an issue of institutional bias in the selection of court members to achieve a particular result, the burden shifts to the government to show by clear and positive evidence that no impropriety occurred. *United States v. Jameson*, 33 M.J. 669 (N.M.C.M.R.1991).

During voir dire, all of the members recalled pretrial conversations with the staff judge advocate that dealt solely with their availability for duty as court members. Consequently, defense counsel called the staff judge advocate to testify concerning his involvement in the selection process. The staff judge advocate stated that he normally provides the convening authority with a list of prospective members. He does this by contacting officers to determine their availability. On this particular occasion, he had a difficult time finding officers who could serve because of the heavy involvement of the installation with Operation Desert Shield. Many base personnel were preparing for mobilization and deployment and, at a number of offices, phones were not being answered.

The list which the staff judge advocate provided the convening authority contained only five names. The staff judge advocate personally called the convening authority and briefed him on each nominee's availability and background. All five of the nominees were selected to serve on the panel.

When questioned during his testimony on the motion about the fact that four of the five prospective panel members were commanders, the staff judge advocate indicated it had been the philosophy of the regular special court-martial convening authority, Colonel McK, to frequently select commanders in order to give them experience in serving on courts-martial. However, in this case the convening authority was Colonel C, normally Colonel McK's deputy, who was the convening authority in Colonel

McK's absence. The staff judge advocate testified that he normally used an alphabetical list of all base personnel when he contacted prospective members. He denied ever excluding anyone from lists of prospective members based on whether or not they were assigned to command positions.

Colonel C, the convening authority, was also called and testified that he personally selected the members in this case. He stated that the staff judge advocate had presented him with the names of officers he had verified were available to serve on the court-martial. With one exception, he personally knew the named officers and selected them because he knew them to have good judgment and the ability to make a just and fair decision. *See* Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2). He discussed the background and experience of the one officer he did not know and decided, after his discussion with the staff judge advocate, to select that officer as well.

Colonel C did not believe the fact that four of the five officers selected were commanders was cause for concern. He stated that he did not appoint commanders in order to achieve a particular result and that he did not arbitrarily exclude anyone from serving on the court-martial panel. Nor did he feel obligated to accept the recommendations of the staff judge advocate. He did recall, however, that on this occasion availability of personnel was a consideration in his selection process due to operational taskings.

After hearing the testimony as well as arguments from both sides on the challenge for cause to the entire panel, the military judge denied the challenge. He entered findings of fact in support of his decision. He specifically found evidence of some preference at McChord Air Force Base for including commanders on courts-martial but concluded that the preference was based solely on the judicial temperament, experience, and training of commanders and did not result in the exclusion of non-commanders. He also found there was no indication that the preference for commanders was for the purpose of achieving any particular result.

The military judge noted the existence of unusual operational activities at McChord Air Force Base which affected the availability of potential court members for this court-martial. He found that the convening authority understood that he could accept or reject any of the nominees submitted to him by the staff judge advocate. He specifically found that the convening authority selected the members for this trial based upon his knowledge of the nominees and his belief that they would be impartial and fair. Finally, the military judge failed to find the existence of any systematic exclusion of qualified members from court duty for irrational or inappropriate reasons.

We commend the military judge for his prudent and thorough handling of this issue at trial. His findings on the challenge for cause satisfy us that the Government met its burden of showing, by clear and positive evidence, that there was no impropriety in the selection process in this case. The preference for, and the intentional inclusion of, those in command positions on the court-martial does not invalidate the selection process. *United States v. Cunningham*, 21 M.J. 585 (A.C.M.R.1985). The military judge found, and we agree, that the evidence does not disclose the existence of an institutional bias to achieve a particular result. Nor is there any evidence of a systematic exclusion of qualified members. Instead, the evidence shows that the convening authority was personally concerned with meeting the prescribed criterion for selecting members as provided by Article 25, UCMJ. *United States v. Nixon*, 33 M.J. 433, (C.M.A.1991).

■ We find nothing improper with the involvement of the staff judge advocate in the selection process in this case. *United States v. Marsh*, 21 M.J. 445, (C.M.A.1986). He only made recommendations to the convening authority concerning officers who were reasonably available to serve as court members, notwithstanding the heavy involvement of all personnel on the installation with operational taskings. It is appar-

ent that Colonel C was aware of, and actually exercised, his own unfettered discretion in selecting the panel members.

We are certainly mindful of our responsibility for affirming only those findings and sentences that are correct in law and fact. Article 66(c) UCMJ, 10 U.S.C. § 866(c). We believe that responsibility requires us to be concerned whenever there is even the slightest appearance of improper motives in the selection of court members. Having done so, we are convinced that the process used to select members in this case not only passes legal scrutiny, but also meets the desired standards of propriety, fairness, and good faith which the military justice system should uphold.

An affidavit filed with the Government's reply to the assignment of errors attests to the fact that the staff judge advocate's recommendation was attached to the record of trial when it was served on appellant on 5 October 1990 and on his defense counsel on 20 September 1990. Accordingly, we also find appellant's second assigned error lacking in merit.

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge PRATT and Judge McLAUTHLIN concur.