**UNITED STATES, Appellee,**

v.

**Private E-1 Robert F. CARROLL, Junior, 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, United States Army, Appellant.**

**SPCM 22352.**

U.S. Army Court of Military Review.

19 Sept. 1986.

For Appellant: Major Stephen R. Dooley, JAGC, Captain Stewart C. Hudson, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Susan E. Fine, JAGC (on brief).

---

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Pursuant to his pleas of guilty, appellant was found guilty by a military judge sitting as a special court-martial of two specifications of absence without leave, disrespect to a non-commissioned officer, escape from custody, possession of marijuana, and drunk and disorderly, in violation of Articles 86, 91, 95, 112a, and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 886, 891, 895, 912a, and 934 (1982, Supp. II 1984). He was sentenced to a bad-conduct discharge, confinement for four months and forfeiture of $426.00 pay per month for six months. In accordance with a pretrial agreement, the convening authority approved a bad-conduct discharge, confinement for three months and forfeiture of $426.00 pay per month for three months.

At trial, during the providence inquiry, the military judge failed to advise appellant of the maximum possible punishment. Appellant alleges that this failure rendered his pleas of guilty improvident. We disagree.

Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 910(c) [hereinafter cited as R.C.M.], provides, in pertinent part, "Before accepting a plea of guilty, the military judge shall address personally and inform the accused of, and determine that the accused understands, the following: (1) The nature of the offense to which the plea is offered, the mandatory minimum penalty, if any, provided by law, *and the maximum possible penalty provided by law;...."* (Emphasis added).[1] There has been a split of authority in military law concerning the result of failure to advise an accused of the maximum possible penalty. One view is that this type of an error must result in reversal. *United States v. Colby*, 44 C.M.R. 477 (A.C.M.R. 1971); *see also United States v. Alward*, 41 C.M.R. 611 (A.C.M.R. 1969). The other view is to test for prejudice. *See United States v. Adams*, SPCM 12069 (A.C.M.R. 10 August 1976) (unpub.) *petition denied*, 2 M.J. 187 (C.M.A. 1976). We specifically refuse to follow *Colby* and *Alward* and believe the better view is to test for prejudice.

We believe the military judge erred in this case by not informing appellant of the maximum possible sentence. *See United States v. Colby, supra; United States v. Alward, supra.* We will test for prejudice. UCMJ art. 59(a).[2]

1. Manual for Courts-Martial, United States, 1984, Analysis of R.C.M. 910(c), App. 21, A21–52.1, indicates that this subsection is taken from the Federal Rule of Criminal Procedure 11(c) which provides, in pertinent part, "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, *and the maximum possible penalty provided by law...."* (Emphasis added). There has been confusion in federal courts concerning failure to comply with Rule 11; but, generally, it had been held that failure to comply with Rule 11 in the "core" areas of insuring that a plea is free from coercion, an accused understands the nature of the charges and has knowledge of the direct consequences of the guilty plea results in automatic reversal. *See United States v. Dayton*, 604 F.2d 931 (5th Cir.1979) (en banc) *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). Other "non-core" concerns were tested for prejudice. *Id.* at 939–40. Fed.R.Crim.P. 11(h) became effective in 1983 and has imposed a harmless error rule for technical violations in this area of the law. *See United States v. Kearney*, 750 F.2d 787, 790–91 (9th Cir.1984) (there it was held only a technical violation of Rule 11 existed where the court failed to personally inform defendant of minimum and maximum penalty. Since the defendant was aware of the maximum possible penalty, his substantial rights were not affected). We believe that our holding in the case *sub judice* will bring military law in line with the federal law. *Cf. United States v. Guichard*, 779 F.2d 1139, 41 (5th Cir.1986), *cert. denied*, —— U.S. ——, 106 S.Ct. 1654, 90 L.Ed.2d 197 (1986); *United States v. Kearney, supra; United States v. Stead*, 746 F.2d 355, 57 (6th Cir.1984), *cert. denied*, 470 U.S. 1030, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985).

2. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a), provides, "A finding or

In testing for prejudice we have considered that appellant was tried by special court-martial and his punishment was limited by the jurisdiction of that court to a bad-conduct discharge, confinement for six months and forfeitures of two-thirds pay per month for six months. *See United States v. Perl*, 2 M.J. 1269, 1272 (A.C.M.R. 1976) *aff'd*, 8 M.J. 24 (C.M.A. 1979). We note appellant was represented by qualified military legal counsel and that "[i]n the absence of any other evidence, . . . it is fair to assume that prior to permitting a defendant to enter a plea of guilty, a qualified defense counsel would have discussed all aspects of possible punishments with his client." *United States v. Williams*, 18 M.J. 186, 189 (C.M.A. 1984)(citation omitted). Also, appellant's pretrial agreement that originated from him is comprehensive, in that it includes reference to a punitive discharge, term of confinement, and the amount of forfeitures which may be approved by the convening authority. The military judge advised appellant that the sentence that the convening authority could approve was limited to the lesser of the sentence imposed by the court or that contained within the pretrial agreement. We also have considered that appellant's personnel records reflect that he received required Military Justice training in 1985 which should have included the maximum possible punishment which may be imposed by special courts-martial.[3] We also recognize that the maximum possible punishment for a special court-martial is common knowledge among enlisted personnel of the United States Army. Finally, we note that the appellant does not assert that he would have pled differently and that he has received the full enjoyment of the benefit of his plea agreement.

Although we find that the failure of the military judge to advise appellant of the maximum possible penalty of a special court-martial was error, we further find that the error was harmless. Appellant's substantial rights were not affected in this case. We are satisfied appellant suffered no prejudice.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge MARDEN and Judge PAULEY concur.

---

sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." That is substantially similar to Fed. R. Crim. P. Rule 11(h) which provides: "*Harmless Error.* Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." (Emphasis in original.)

3. At the time of appellant's entry on active duty, military justice instruction for enlisted personnel was conducted pursuant to Training Circular 27–2 (2 December 1983), which included the maximum possible penalty in summary, special and general courts-martial.