**UNITED STATES, Appellee,**

v.

**Private First Class Eugene K. GUTHRIE, 240–13–0809, United States Army, Appellant.**

**ACMR 8700169.**

U.S. Army Court of Military Review.

28 Jan. 1988.

* Corrected.

For Appellant: Major Russell S. Estey, JAGC, Major Dale K. Marvin, JAGC, Captain Richard J. Anderson, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, appellant was convicted by a court-martial composed of officer members of wrongful distribution of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. His sentence to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E–1 was approved by the convening authority. Before this court appellant alleges two errors which merit discussion.

### I

First, appellant contends that the military judge erred in denying a challenge for cause directed to Captain (CPT) C, who was a good friend of appellant's company commander, had a degree in criminology, and had a family member who had suffered as a result of illegal drugs. As to this last factor, CPT C's brother-in-law several years earlier had overdosed on cocaine or

heroin, which had upset CPT C's wife. On questioning by defense counsel, CPT C had stated that, if he were the appellant, he would not be "comfortable" having someone like CPT C on his court-martial panel. The military judge inquired whether CPT C, if he were the accused, would be satisfied having a panel member with his "frame of mind," to which CPT C responded "very much so." Trial defense counsel's challenge for cause of CPT C was denied by the military judge without any request for comment by the government. The military judge stated that he had observed CPT C very closely and was impressed with his answers and that CPT C's frustration at his brother-in-law's situation was primarily a frustration at the way his wife was handling the problem and "not a frustration at the system, at drug dealers, or at the offense."

The Court of Military Appeals and this court have adjured military judges to grant challenges for cause liberally. *United States v. Smart*, 21 M.J. 15 (C.M.A.1985); *United States v. Moyar*, 24 M.J. 635 (A.C. M.R.1987). However, a military judge's ruling on a challenge for cause should be accorded "special deference" on appeal "because of his superior position to assess bias in terms of the demeanor and ultimately the credibility of the challenged member." *Moyar, supra* at 638 (citation omitted). His determination of bias "is entitled to great deference on appeal and will not be reversed absent a clear abuse of discretion." *United States v. Reynolds*, 23 M.J. 292 (C.M.A.1987), citing *United States v. Deain*, 17 C.M.R. 44 (C.M.A.1954).

■ In this case, the military judge questioned the challenged member closely, assessed his credibility and determined that CPT C could properly serve as a panel member in this court-martial. When questioned about his social relationship with appellant's company commander who was a witness during sentencing against the appellant, CPT C responded that he would not give the commander's testimony any more or less weight because of their friendship. On this basis, after determining the credibility of CPT C's disclaimer of bias, the military judge could properly deny the challenge for cause. *See United States v. Mason*, 16 M.J. 455 (C.M.A.1983); *United States v. Pollack*, 9 M.J. 577 (A.F.C.M.R. 1980), *petition denied*, 9 M.J. 393 (C.M.A. 1980). Further, CPT C's education in criminology, in the absence of any showing of prejudice or bias, particularly when coupled with an assurance from CPT C that he could divorce himself from that academic background, does not require disqualification from the court-martial panel. *Cf. United States v. McPhaul*, 22 M.J. 808, *petition denied*, 23 M.J. 266 (C.M.A.1986) (denial of challenge against military police officer with Masters Degree in Criminal Justice). Finally, with respect to the impact of illegal drugs on CPT C's family, the military judge found that impact to be indirect, through CPT C's frustration with the way his wife was handling the situation. In light of this limited impact and CPT C's assurances that he could set the earlier affair out of his mind in judging this case, the military judge did not abuse his discretion in denying the challenge for cause. We hold that there was no error committed in the denial of the challenge for cause based on any of three individual factors enumerated or any combination thereof. *See United States v. Porter*, 17 M.J. 377 (C.M.A.1984).

■ While we commend the military judge for detailing his rationale in denying the challenge, we wish to comment on his ruling on the challenge without first inquiring of the government if it wished to oppose the challenge. To avoid needless appellate issues and the attendant risk of reversal on appeal, an experienced prosecutor will weigh the factors involved that will, in many cases, counsel a prudent course of action and against objecting to an accused's challenge for cause "in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." Manual for Courts–Martial, United States, Rule for Court–Martial 912(f)(1)(N) [hereinafter R.C.M.]. Had the military judge questioned the government on its position, much needless litigation might have been avoided.

## II

Next, the defense contends that the military judge erred in failing to strike the informant's testimony, pursuant to the Jencks Act, 18 U.S.C. § 3500 (1982), when the government could not produce the informant's first, handwritten statement to investigators. The first statement, which was treated as a draft, was destroyed based on routine local procedure when that statement was typed nine days later and the second, typed statement was signed and sworn to by the informant. The military judge found that this first, handwritten statement was "for all intents and purposes, replicated, duplicated and preserved ..." in the typed statement which he found to be "the typed version of the handwritten statement." The defense argued at trial that the informant's testimony at trial should be struck.

The Jencks Act, which applies to courts-martial,[1] requires that the government produce, on defense request, prior statements by a witness relating to the subject matter of the witness' testimony. Here, however, the prior statement was provided, albeit in its typed rather than handwritten incarnation. The record is devoid of any changes or conflict in the two versions. For all intents and purposes, the handwritten statement, which should have been preserved, was typed verbatim, to include a number of distinctive abbreviations used in the original. Thus, no Jencks Act violation occurred. *See United States v.*

*Pena,* 22 M.J. 281, 283 (C.M.A.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 875, 93 L.Ed.2d 829 (1987), and cases cited therein. Further, assuming that the first, handwritten statement was a separate statement for purposes of the application of the Jencks Act, we do not believe that the Act required the military judge to strike the informant's testimony. The typed document was a copy of the handwritten statement, the destruction, although misguided, was done in good faith and not to hamper the defense, and defense counsel effectively used the typed statement to establish inconsistencies in the government's case. Thus, "from our examination of the record we are convinced that the trial defense counsel was not significantly encumbered in his cross-examination of government witnesses because of the unavailability ..." of the missing handwritten statement. *United States v. Marsh,* 21 M.J. 445, 452 (C.M.A.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 666, 93 L.Ed.2d 719 (1987).

We have considered the issue personally asserted by appellant and find it to be without merit.

The findings of guilty and the sentence are AFFIRMED.

---

1. *United States v. Albo,* 46 C.M.R. 30 (C.M.A. 1972); R.C.M. 914.