UNITED STATES, Appellee,

v.

Sergeant Michael HARRIS, 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, United States Army, Appellant.

ACMR 8701652.

U.S. Army Court of Military Review.

31 May 1988.

* Corrected.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Appellant was tried by a general court-martial with officer and enlisted members. Consistent with his pleas, he was convicted of operating a vehicle while drunk, in violation of Article 111, Uniform Code of Military Justice, 10 U.S.C. § 911 [hereinafter UCMJ]. He pleaded and was found not guilty of aggravated assault and making a

false statement under oath, in violation of Articles 128 and 134, respectively. He was sentenced to a bad-conduct discharge, total forfeitures, and reduction to the grade of Private E–1. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $608.00 pay per month for nine months, and reduction to the grade of Private E–1. Before this court, appellant assigns, both personally and through counsel, several errors, one of which we determine to require a rehearing.

The military judge, in conducting his preliminary examination before acceptance of the proffered plea of guilty, failed to fully advise the accused of his constitutional rights, as required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984 or Manual, and R.C.M., respectively] 910(c) and *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969). Appellant contends that this failure renders his pleas improvident, citing *United States v. Bailey,* 20 M.J. 703 (A.C. M.R.1985). The appellant also asserts that the military judge erred in failing to administer an oath to the accused under R.C.M. 910(e) before questioning him about the offense and by not informing the accused about the potential for a criminal prosecution if false statements were made under oath in the guilty plea inquiry. *See* R.C.M. 910(c)(5). The government responds that the advice given by the military judge, taken as a whole, constituted substantial compliance with the dictates of R.C.M. 910.

The genesis of the current requirements for a sufficient guilty plea inquiry lies in *United States v. Brown,* 29 C.M.R. 23 (C.M.A.1960). In his dissent in *Brown,* Judge Ferguson indicated that, in order to insure providence and refute future claims of impropriety in the entry of findings, he would require an extended examination of the accused on his understanding of his plea and its effect. *Id.* at 31 (Ferguson, J., dissenting). This suggestion was adopted in *United States v. Chancelor,* 36 C.M.R. 453 (C.M.A.1966), in which the Court of Military Appeals enjoined courts-martial to include in the proceedings a recitation of the elements of the charged offenses and

an express admission of guilt by the accused. Subsequently, the United States Supreme Court, in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), noted that an accused who enters a guilty plea waives his rights against self-incrimination and to trial by jury and to confront his accusers, and required that such a waiver be voluntary and knowing. In *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court required an affirmative waiver on the record of these constitutional rights. With this background, the Court of Military Appeals in *Care* established the requirements for an adequate guilty plea inquiry in the military. Among its mandates, the court required that the record show that the military judge "personally addressed the accused, advised him that his plea waives his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him; and that he waives such rights by his plea." *Id.,* 40 C.M.R. at 253. The *Care* holding was incorporated into the Manual and is currently found in R.C.M. 910(c).

The military judge below did not comply with this mandate. The issue before us is whether the action he did take suffices to meet the requirements of R.C.M. 910 and *Care.*

The record of trial reveals that, after motions were resolved, the appellant entered pleas of guilty to drunk driving. The military judge explained the elements of the offense and their definition, and obtained the appellant's acknowledgment that his guilty plea would admit that those elements taken together correctly described what he did. The military judge then elicited from the appellant a detailed exposition of the facts and circumstances supporting the crime, spread over six pages in the record. The appellant assured the military judge that he understood the maximum punishment and that he could be sentenced thereto merely on the basis of his plea. The following colloquy then took place:

MJ: Do you understand that even though you feel that you're guilty, you

have a legal and a moral right to plead not guilty and place the burden on the government to prove your guilt by legal and competent evidence beyond a reasonable doubt?

AC: Yes, Your Honor.

MJ: Captain [B] [trial defense counsel], have you explained to the accused his evidentiary and testimonial rights both on findings and on sentence?

DC: I have, Your Honor.

MJ: Sergeant Harris, do you have any further questions as to the meaning and effect of your plea of guilty?

AC: No, Your Honor.

The military judge then gave appellant and his counsel time to confer, and, after receiving the appellant's affirmation to plead guilty, the military judge found that:

the plea of guilty is made voluntarily and with full knowledge of its meaning and effect. I further specifically find that the accused has knowingly, intelligently and consciously waived his rights against self-incrimination, to a trial of the facts by a court-martial and to be confronted by the witnesses against him. Accordingly, the plea is provident and is accepted.

The military judge then entered findings of guilty.

■ In *United States v. Bailey*, 20 M.J. 703 (A.C.M.R.1985), this court has held that, in the absence of any advice to the accused on the meaning and effect of his guilty plea and the rights being waived by that plea, reliance upon assurances by defense counsel that he had explained to the accused his testimonial and evidentiary rights is insufficient. We do not believe that *Bailey*, or, for that matter, *Care* itself, establishes a per se rule that a failure to fully advise an accused mandates reversal. Indeed, as the Court of Military Appeals recognized in *United States v. Burton*, 44 C.M.R. 166, 169 (C.M.A.1971), the issue is not whether there is "exemplary

compliance with what we had in mind in *Care*" but rather whether "the combination of all the circumstances" leads the court to conclude that the accused's plea was informed and voluntary.

A similar test obtains in the federal court system. Rule for Courts–Martial 910(c) is the military equivalent of Federal Rule of Criminal Procedure [hereinafter Rule] 11(c). *See* M.C.M., 1984, R.C.M. 910(c) Analysis, App. 21, A21–52.1. Federal courts reviewing cases for violations of Rule 11 have rejected a per se approach. Substantial compliance with Rule 11 is sufficient. *United States v. Stead*, 746 F.2d 355 (6th Cir.1984), *cert. denied*, 470 U.S. 1030, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985). *See also United States v. Guichard*, 779 F.2d 1139 (5th Cir.1986), *cert. denied*, 475 U.S. 1127, 106 S.Ct. 1654, 90 L.Ed.2d 197 (1986). Thus, the failure to fully advise an accused of his rights does not "automatically" invalidate his guilty plea; the "ultimate question is whether [the accused's] plea was in fact voluntary and intelligent." *Pitts v. United States*, 763 F.2d 197, 200 (6th Cir.1985).

■ In reviewing the record below to determine whether the appellant's plea was voluntary and intelligent, we note that the military judge failed to advise the appellant of the general meaning and effect of his guilty plea and of the waiver of his constitutional and statutory rights to trial of the facts by court-martial, to confrontation, and against self-incrimination.[1] Indeed, even in his concluding advice to the accused on his right to plead not guilty and place the burden of proof on the government, the military judge below elected to deviate from the guide provided by the Benchbook. In so doing, he omitted the advice to the accused on the presumption of innocence.[2] Rather, the trial judge asked the defense counsel whether the appellant had been advised of his evidentiary and testimonial rights.

---

**1.** The military judge omitted in its entirety the pattern advice provided for a trial judge's guidance in paragraphs 2–9 and 2–10 of Dept. of the Army, Pam. 27–9, Military Judge's Benchbook (C2 15 Oct 1986) [hereinafter Benchbook]. *See* *also* M.C.M., 1984, Guide for General and Special Courts–Martial, App. 8, A8–5.

**2.** *See* Benchbook, para. 2–14.

In *Burton*, as part of his questioning the accused on his election to be tried by judge alone, the military judge explained to the accused that he had the right to have his guilt or innocence decided by a "military jury." 44 C.M.R. at 169. The judge also advised the accused that he had the right to plead not guilty and place the burden of proving his guilt beyond a reasonable doubt on the government. He explained that, to meet that proof requirement, the government must come forward with "evidence" which the accused had the right to "confront." The military judge in *Burton* did not inform the accused that his guilty plea waived the constitutional rights in issue here and he entered no finding that the accused had made a knowing, conscious, and intelligent waiver. Viewing this advice in its entirety, the Court of Military Appeals found that this examination was sufficient. *Id.* In a strongly worded dissent, Senior Judge Ferguson disagreed with the majority's "searching the record for bases from which inferences may be drawn to establish the accused's knowing, intelligent, and conscious waiver of important rights." *Id.* at 172. Senior Judge Ferguson believed that the failure to follow the mandates of *Care, McCarthy* and *Boykin* made the inquiry legally deficient.

Although the United States Court of Military Appeals in *Burton*, on somewhat similar facts, found, by drawing inferences from the record, that the guilty plea inquiry, while far from exemplary, was sufficient to conclude that the plea was informed and voluntary, we doubt the continued vitality of that holding. We find the dissenting opinion by Senior Judge Ferguson in *Burton* to be more persuasive than the majority holding on this issue.

■ We believe that the rights against self-incrimination, to a trial of the facts by

court-martial, and to be confronted with the witnesses against one are fundamental, constitutionally mandated procedural rights that can be waived only by an accused on the record. An accused must voluntarily, knowingly, and intentionally relinquish a fundamental right before a waiver of that right can be said to be valid. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). We read *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as saying that waiver is not be be presumed from a silent or inadequate record.[3]

■ We find that the military judge's limited inquiry and inadequate compliance with the requirements of *Care* and R.C.M. 910(c) vitiate the plea of guilty and preclude our upholding of the trial judge's finding that there was a voluntary and intelligent waiver by the appellant of his constitutional rights.[4]

■ Granted that the military judge below made specific findings that the plea was voluntary and that the appellant had knowingly and intelligently waived his rights against self-incrimination, to a trial of the facts by court-members, and to confront his accusers. However, we do not believe that the inquiry here established an effective waiver. Although the military judge made the findings necessary to establish valid waiver, his findings are not supported by the record and are not therefore binding on us. We are not satisfied that there has been an intentional relinquishment of a *known* right or privilege within the meaning of *Johnson v. Zerbst*, and we are foreclosed from presuming waiver of the loss of fundamental constitutional rights. To the contrary, we are required to indulge in every reasonable presumption against waiver. *Id.*, 304 U.S. at

---

3. Not every constitutional right is so fundamental as to require an affirmative waiver of record by an accused. *See, e.g., United States v. Belizaire*, 24 M.J. 183 (C.M.A.1987) (waiver of testimonial rights).

4. We do not believe that the military judge's failure in the providence inquiry to give the requisite R.C.M. 910(c)(5) warnings about the possible use of appellant's answers in a later

prosecution for perjury or false statement requires reversal "at least when, as here, defendant was not put under oath before questioning about his guilty plea." *United States v. Michaelson*, 552 F.2d 472, 477 (2d Cir.1977). *See United States v. Fletcher*, 21 M.J. 162 (C.M.A.1985) (summary disposition); *United States v. Holt*, 22 M.J. 553 (A.C.M.R.1986), *petition granted*, 23 M.J. 358 (C.M.A.1987).

464, 58 S.Ct. at 1023. Further, the constitutional rights implicated by a guilty plea are of such compelling importance to the basic fairness of a criminal trial that they can be surrendered only by the accused and not the defense counsel. Asking the defense counsel whether the client has been fully advised of his rights does not satisfy this constitutional mandate.

While R.C.M. 910(c) and *Care* do not require any particular format for the necessary advice, and we will not place form over substance, trial judges should be aware that they run the risk of appellate reproof when they elect to change constitutionally mandated procedures and substitute their own. The advice provided to the appellant in this case fails to rise to the level of substantial compliance and thus, unlike the court in *Burton*, we are not convinced by the combination of all the circumstances that the appellant's plea was informed and voluntary.

We deem it appropriate to make one final comment on this faulty guilty plea proceeding. While the military judge bears the ultimate responsibility for the inquiry, the trial counsel is not a mere bystander. We have recently commented on the need for trial counsel's involvement in procedural matters. *United States v. Guthrie*, 25 M.J. 808, 810 (A.C.M.R.1988). It is even more important in a guilty plea case that trial counsel play an active role in the proceedings. The prudent prosecutor will diligently assure that a providence inquiry is conducted in full compliance with the dictates of R.C.M. 910 and *Care*.

■ Two other assertions of error merit comment. First, the military judge, in his instructions to the court members on the consequences of a bad-conduct discharge, stated that such a discharge "deprives a soldier of many benefits administered by the Veterans Administration and the Army establishment." This instruction failed to recognize the distinction between a bad-conduct discharge adjudged by a special court-martial and one adjudged by a general court-martial. The punitive discharge in this case was adjudged by a general court-martial, hence "the effect [of the bad-con-

duct discharge] on veterans' and service benefits is essentially the same as that which results from a dishonorable discharge. That is, such a sentence renders a servicemember ineligible for most of these benefits." *United States v. Hopkins*, 25 M.J. 671, 673 (A.F.C.M.R.1987). Thus the correct instruction in this, as in all general courts-martial, is that a bad-conduct discharge deprives a soldier of "substantially all" of these benefits. *See* Benchbook, para. 2–37.

■ Finally, the sentence approved in this case includes reduction to Private E–1 and no confinement but forfeiture of more than two-thirds pay per month (at the reduced rank). Such a sentence is erroneous. *See* R.C.M. 1003(b)(2) ("[i]f the sentence also includes reduction in grade, expressly or by operation of law, the maximum forfeiture shall be based on the grade to which the accused is reduced"); R.C.M. 1107(d)(2) discussion ("[w]hen an accused is not serving confinement, the accused should not be deprived of more than two-thirds pay for any month ..."). *See also United States v. Warner*, 25 M.J. 64 (C.M.A.1987). We trust that, in the event of a rehearing, neither of these two additional errors will be committed.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judges LYMBURNER and SMITH concur.