UNITED STATES, Appellee,

v.

Private E1 Samuel SERRANO, 098–52–6303, United States Army, Appellant.

ACMR 8801027.

U.S. Army Court of Military Review.

27 Oct. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Lieutenant Colonel

Charles E. Lance, JAGC, USAR, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Major John L. Ross, JAGC, USAR (on brief).

Before ADAMKEWICZ, MYERS and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Pursuant to his pleas, appellant was convicted of two specifications of distribution of marijuana in violation of Article 112a of the Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. II 1984). Appellant was sentenced to a bad-conduct discharge, confinement for one year and one day, and forfeiture of $300.00 pay per month for six months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for twelve months, and forfeiture of $300.00 pay per month for six months.

Appellant contends that the findings and sentence should be set aside because the military judge failed to substantially comply with the requirements of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(c) [hereinafter M.C.M., 1984, and R.C.M., respectively], by not personally or fully advising him of the constitutional rights waived by his pleas, the elements of the offenses, and that false answers given under oath during the providence inquiry could be used as a basis for prosecution for perjury. We disagree.

During the providence inquiry, the military judge informed appellant that he was giving up three rights by his plea of guilty. The military judge then asked the defense counsel if he had advised appellant of these rights. At that point, the defense counsel responded that he had advised appellant that by pleading guilty, appellant waived the "right against self-incrimination, the right to have a trial of the facts, and a right to be confronted by and to cross-examine any witnesses that may be called against him." The military judge asked appellant whether he had discussed these rights with his defense counsel, whether he understood these rights, and whether he desired that the rights be explained further. The military judge specifically asked appellant whether he understood that his guilty plea waived these rights. Appellant acknowledged that he would be giving up these rights by his plea and indicated to the judge that he did not need further explanation of the rights.

Subsequently, the military judge explained to appellant that if appellant was not pleading guilty, the government would have to prove every element of the offenses to which he is charged before the court could find him guilty. The military judge then had the trial counsel state the elements of each specification. Preceding the discussion of the facts surrounding the offenses, the judge placed appellant under oath but did not advise appellant that false answers could be used against him in a prosecution for perjury or false statement.

■ Rule for Courts–Martial 910(c)(3) requires the military judge to address the accused personally and inform him of, and determine that he understands, his "right to plead not guilty ... and that [he] has the right to be tried by a court-martial, and that at such trial [he] has the right to confront and cross-examine witnesses against [him], and the right against self-incrimination." These rights that the accused must be advised of are "fundamental, constitutionally mandated procedural rights that can be waived only by an accused on the record." *United States v. Harris*, 26 M.J. 729, 733 (A.C.M.R.1988). In the instant case, the military judge's compliance with the requirements under R.C.M. 910(c)(3) may have been less than exemplary, but our review of the entire inquiry leads us to conclude that appellant voluntarily, knowingly, and intentionally relinquished his rights and that waiver of those rights was valid. *See United States v. Harris*, 26 M.J. at 733 (waiver of a fundamental right is valid if an accused

voluntarily, knowingly, and intentionally relinquishes that right).

■ There is no prescribed manner or format to accomplish the advisement of these rights.[1] The requirement is that the accused be advised of the substance of these rights, not that the advice be in any particular form. *United States v. Bailey,* 20 M.J. 703, 705 (A.C.M.R.1985). Although the judge cannot exclusively rely on the assurances of the defense counsel that the appellant was advised of these rights, the judge can rely and incorporate into his advisement of the rights to the appellant, the defense counsel's restatement on the record the advice he gave to appellant. *Id. See also United States v. Harris,* 26 M.J. at 734 (the substance of the advice given pursuant to R.C.M. 910(c) is more important than the format). Thus, the discussion the judge had with appellant and his counsel convinces us that appellant was told his rights and that appellant understood he would waive them by pleading guilty. In the instant case, there is a sufficient factual basis on the record for us to determine that appellant "exercised a knowing, intelligent and conscious waiver of his rights." *United States v. Bailey,* 20 M.J. at 705.

■ Appellant relies on *United States v. Harris* to support his argument that the military judge erred in not complying with R.C.M. 910(c). Unlike this case, the military judge in *Harris* failed personally, or in conjunction with the defense counsel, to enumerate those rights which the accused waived by his guilty plea. Here, the record is not silent or inadequate as to appellant's waiver of his rights. *Cf. United States v. Harris,* 26 M.J. at 733 (waiver of rights will not be presumed from a silent or inadequate record). It is not simply the failure to fully advise an accused of his rights which invalidates his guilty plea, it is the reviewing court's inability to determine from the record "whether [the accused's] plea was in fact voluntary and intelligent." *Id.* at 732 (quoting *Pitts v. United States,*

763 F.2d 197, 200 (6th Cir.1985)). In this case, the military judge's findings that appellant knowingly, intelligently, and consciously waived his constitutional rights against self-incrimination, to a trial of the facts by the court, and to be confronted by the witnesses against him are supported by the record. We also are satisfied that appellant's waiver of these rights was effective. *Cf. United States v. Gray,* 611 F.2d 194, 198 (7th Cir.1979), *cert. denied,* 446 U.S. 911, 100 S.Ct. 1840, 64 L.Ed.2d 264 (1980) (inquiries conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure [hereinafter Fed.R.Crim.P.] which are made by the prosecutor are sufficient if done in the presence of the court and the court is satisfied that the information has been fully explicated and understood by the defendant).

■ We also find no merit in appellant's argument that the military judge committed reversible error by failing to "personally" advise him of the elements of the offenses to which he was pleading guilty. The military judge is required to "address the accused personally and inform the accused of ... [t]he nature of the offense to which the plea is offered." R.C.M. 910(c)(1). The rule does not specifically require the military judge to personally list each element of the offenses. *Cf.* R.C.M. 910(c)(1) discussion ("The elements of each offense to which the accused has pleaded guilty *should* be described to the accused.") (emphasis added); R.C.M. 910(e) discussion ("*Ordinarily,* the elements *should* be explained to the accused.") (emphasis added). In the instant case, the military judge explained to appellant that without a guilty plea, the government was required to prove each element of the charged offenses to sustain findings of guilty. Having explained this to appellant, the military judge directed the trial counsel to state the elements of each specification and obtained the appellant's acknowledgment that the allegations were true. The military judge then discussed at length

---

1. Paragraph 2–10 of Dep't of the Army, Pam. 27–9, Military Judges' Benchbook (C2 15 Oct. 1986), provides a pattern advice for the military judge to give to an accused regarding the waiver

of the fifth and sixth amendment rights during the providence inquiry. *See also* M.C.M., 1984, Guide for General and Special Courts–Martial, App. 8, A8–5.

with appellant the factual basis for each specification, covering all of the elements of the offenses. Although it may have been more appropriate for the military judge to personally state the elements of the offenses, we do not believe the military judge erred by having the trial counsel do so. Military judges are not prohibited from employing different, but otherwise adequate, techniques in conducting their inquiries into the providence of a plea. *See United States v. Wimberley,* 42 C.M.R. 242, 243 (C.M.A.1970).

Lastly, appellant contends that the military judge erred by not advising him that he may be prosecuted for perjury or false statement for answers he gives while under oath which are false. R.C.M. 910(c)(5) (The military judge shall inform the accused that answers given under oath "may later be used against the accused in a prosecution for perjury or false statement."). *See also* R.C.M. 910(e) ("The accused shall be questioned under oath about the offenses."). The military judge erred by failing to give appellant the requisite warnings regarding perjury, however, we do not believe that appellant was prejudiced by the omission. *United States v. Harris,* 26 M.J. at 733 n. 4. The requirement that "the accused be placed under oath is designed to ensure compliance with Article 45 and to reduce the likelihood of later attacks on the providence of the plea." R.C.M. 910(e) analysis at A21-53. *See also United States v. Epps,* 25 M.J. 319, 321 (C.M.A.1987); *United States v. Holt,* 22 M.J. 553, 554-555 (A.C.M.R.1986), *aff'd,* 27 M.J. 57 (C.M.A.1988); *United States v. Daniels,* 20 M.J. 648 (N.M.C.M.R. 1985), *petition denied,* 24 M.J. 455 (1987). We are confident that appellant's pleas of guilty to the offenses are provident and that appellant understood the meaning and effect of his pleas. If appellant incurred any prejudice as a result of the military judge's failure to tender the warning as to the consequences of a false statement under oath, it would arise at the time appellant is charged with perjury or false statement at a subsequent court-martial and not in the instant case. *Cf. United States v. Pinto,* 838 F.2d 1566 (11th Cir.1988) (fail-

ure to warn defendant that his statements could be used against him in prosecution for perjury as required by Fed.R.Crim.P. 11(c)(5), the federal counterpart to R.C.M. 910(c)(5), was not a sufficient basis for attacking a plea absent threat of prosecution for perjury).

The findings of guilty and the sentence are affirmed.

Judge MYERS and Judge SMITH concur.