**UNITED STATES, Appellee,**

v.

**Specialist Clifton D. LENARD, 359–56–2083, United States Army, Appellant.**

**ACMR 8702428.**

U.S. Army Court of Military Review.

30 Nov. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Jeffrey J. Fleming, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before FELDER, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to appellant's pleas, a general court-martial consisting of officer and enlisted members found him guilty of negligent homicide, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. The convening authority approved the sentence of a bad-conduct discharge.

■ The appellant contends that the military judge erred to the appellant's substantial prejudice by failing to provide the court members the standard instruction that "[a] bad-conduct discharge deprives one of sub-stantially all benefits administered by the Veterans Administration and the Army establishment." Department of the Army Pamphlet 27–9, Military Judge's Benchbook (C2 October 1986). We disagree because the appellant had already qualified for most Veterans' benefits based on a prior period of service.

■ Earlier reported cases do not address the issue presented here. *See United States v. Harris*, 26 M.J. 729, 734 (A.C. M.R.1988); *United States v. Hopkins*, 25 M.J. 671, 673 (A.F.C.M.R.1987). In 1984, the appellant received an honorable discharge certificate from the U.S. Navy upon completion of four years active service. Consequently, he became eligible for Veterans' benefits through the Veterans' Administration. *See* 38 U.S.C. § 101(2) (1982). His bad-conduct discharge would not affect his benefits accrued through that service. Under the provisions of 38 U.S.C. § 3103(a) (1982), "[t]he discharge or dismissal by reason of the sentence of a general court-martial ... shall bar all rights of such person under laws administered by the Veterans' Administration based upon the *period of service* from which discharged or dismissed" (emphasis added).

Regarding his receipt of a bad-conduct discharge for his Army service, the most significant apparent benefit he would not qualify for would be medical care for injuries or disabilities received while in the Army. *See* 38 U.S.C. § 331 (1982). That situation would appear unlikely to develop in most cases. Such a contingency would be in the category of those covered by the military judge's instruction that a bad-conduct discharge was "severe punishment and may be adjudged for one who in the discretion of the court warrants severe punishment for bad conduct."[1] *See United States v. Soriano*, 20 M.J. 337, 342–43 (C.M.A.1985) (President intended bad-conduct discharge to be severe punishment and so treated by those who impose punishment at courts-martial).

---

1. The standard instruction on deprivation of Veterans' benefits would also not apply to any Army personnel who had earned an honorable discharge for earlier honorable service in the Army. A new tailored instruction appears appropriate.

Additionally, the appellant did not object to the military judge's instruction on sentence; therefore, any error was waived, as this was not a case of plain error. *See United States v. Griffin,* 25 M.J. 423, 425 (C.M.A.1988) (citing *United States v. Fisher,* 21 M.J. 327, 328–29 (C.M.A.1986)).

█ The appellant also asserts that the sentence is too severe. We find the sentence to be appropriate under circumstances in which appellant negligently took a serious risk in holding a staff sergeant by the neck until he died from the appellant's grip on him.

We have considered the error raised personally by the appellant and find it is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge GIUNTINI concur.