**UNITED STATES, Appellee,**

v.

**Private E1 Kelvin E. DICKENS, 578–82–3289, United States Army, Appellant.**

**ACMR 8902247.**

U.S. Army Court of Military Review.

25 May 1990.

---

For Appellant: Captain Timothy P. Riley, JAGC, Captain Robert C. Wee, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain James K. Reed, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of conspiracy to commit two larcenies and a burglary, larceny (two specifications), burglary, and unlawful receipt of stolen property, in violation of Articles 81, 121, 129, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 929, and 934 (1982) [hereinafter UCMJ], respectively. The convening authority approved the sentence of a dishonorable discharge, confinement for twenty-three months, and forfeiture of all pay and allowances.

■ The appellant contends that a rehearing is required because the military judge failed to advise him of the maximum punishment for the offense to which the appellant pleaded guilty, which advice was required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(c). We find error, but no prejudice resulted.

The appellant conspired with two other soldiers to burglarize a barracks room. The room was assigned to two other soldiers, who were appellant's friends and away on Christmas leave. The conspiracy also included stealing the friends' stereo equipment, microwave oven, and television set. The conspirators carried out the planned crimes. Additionally, the appellant unlawfully received a third soldier's stolen television set, and, using a false identification card, pawned all of the stolen property.

The appellant entered into a pretrial agreement with the convening authority that he would not approve confinement

greater than forty months. Before pleas were entered, the military judge dismissed a charge of wrongful use of cocaine and consolidated three specifications alleging conspiracies to commit burglary and the larcenies. The maximum confinement for the remaining offenses of which the appellant was found guilty was thirty-three years. Considering multiplicity for sentencing purposes, the maximum imposable confinement was twenty-three years. However, viewed in the light most favorable to the appellant, had the military judge addressed multiplicity for sentencing as he should have during the providence inquiry, arguably the imposable confinement could not exceed thirteen years. The pretrial agreement's forty-month cap on confinement was certainly reasonable for these offenses, by which the appellant breached the natural bond of fidelity between soldiers in a unit. Moreover, the appellant had two prior nonjudicial punishments for the wrongful use of cocaine and one for the wrongful use of marijuana. Those punishments show a need for extensive rehabilitation. Further, the trial defense counsel argued that confinement should not exceed two years to preclude the appellant's assignment to the Disciplinary Barracks. The military judge noted that he adjudged confinement for that reason.

■ In *United States v. Carroll*, 22 M.J. 951, 952 (A.C.M.R.1986), this court listed a number of factors to consider in a special court-martial in determining whether prejudice resulted from the failure by the military judge to advise the appellant of the maximum imposable punishment. We take that precedent to mean that we should proceed on the record in each case to determine whether there was a plausible risk of substantial prejudice to an accused by the military judge's failure to assure that the accused understood the maximum imposable confinement by the sentencing authority, as distinguished from the limitation of a valid pretrial agreement with the convening authority. *See* UCMJ arts. 59(a) and 66(c), 10 U.S.C. §§ 859(a), 866(c).

■ We find further guidance in *United States v. Poole*, 26 M.J. 272 (C.M.A.1988). There the military judge informed the accused during the providence inquiry that the maximum sentence under the charges and specifications to which he had pleaded guilty included a dishonorable discharge and confinement for twenty-one years. In fact, the maximum sentence could have included only substantially lesser punishments in the categories of punitive discharge characterization and confinement, specifically, only a bad-conduct discharge and confinement for three and one-half years. The Court of Military Appeals focused on the reality of the situation: what was the sentence exposure of the accused pursuant to the pretrial agreement? There it was fourteen months. Affirming our finding that there was nothing in the record to suggest that the pleas were improvident, the Court of Military Appeals affirmed our decision. *Id.* at 274–75.

We find the same focus applicable when the military judge omitted discussion of the maximum imposable punishment. We find several factors salient here: the pretrial agreement was for confinement substantially less than the maximum after considering multiplicity for sentencing, the offenses were aggravated, the appellant needed extensive rehabilitation, and the confinement imposed was at the floor reasonably argued for by the trial defense counsel. Further, the record does not indicate in any way that the pleas of guilty may not have been provident. *See United States v. Poole*, 26 M.J. at 272.

This context affirms the presumption that the trial defense counsel was competent. *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Achieving a pretrial agreement to cap the appellant's exposure for confinement at forty months where appropriate punishment could well exceed that cap was professional representation by the trial defense counsel. Accordingly, we find no substantial risk that any misunderstanding the appellant may have had as to the maximum possible confinement substantially affected the negotiating of or providence of the plea. That is, whether the maximum confinement was twenty-three or arguably thirteen years, the agreement to a maxi-

mum of forty months was a realistic, good bargain for the appellant. Thus, he was not prejudiced by the military judge's omission of any advice on the maximum sentence imposable by him aside from the pretrial agreement.

■ We have studied other cases involving failure to comply with the requirements of Rule for Courts–Martial 910(c). This court has observed that failure to comply with this Rule and its equivalent in Federal Rule of Criminal Procedure 11(c) (judge must assure that the defendant understands "the consequences of the plea") does not require reversal *per se. United States v. Harris,* 26 M.J. 729, 732 (A.C.M.R.1988) (contains summary of Supreme Court opinions). Rather, the test then turns on whether the accused was substantially misled regarding the maximum imposable punishment. *See United States v. Poole,* 26 M.J. at 272. In consideration of factors in this case, listed above, this appellant, with a good bargain, had a realistic understanding of the true consequences of his guilty plea.

■ We find useful the analogy provided by *United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986), on how we should evaluate error by the sentencing authority in what was considered. *Sales* concerned sentencing authorities erroneously considering aggravating evidence or offenses for which an accused should not have been sentenced. Here, even if the military judge erroneously thought the maximum imposable confinement was thirty-three years, no prejudice inured to the appellant because the sentence adjudged was at the light end of the plausible range of appropriate sentences to confinement for the aggravated misconduct in this case, and for this appellant with his need for extensive rehabilitation.

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GIUNTINI concur.