UNITED STATES, Appellee,

v.

Staff Sergeant Larry L. GOODWIN, 216–60–5475, United States Army, Appellant.

ACMR 8901129.

U.S. Army Court of Military Review.

25 May 1990.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Jay S. Eiche, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to the appellant's pleas, a general court-martial consisting of officers and enlisted members convicted the appellant of extortion, adultery, and assault in violation of Articles 134, 127, 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 927, and 928 (1982). The convening authority approved the sentence of a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1.

■ The appellant personally contended and we obtained briefs on the issue of whether the military judge erred by not instructing the members of the court-martial that the appellant would lose substantially all benefits administered by the Veterans' Administration and Army establishment if he were sentenced to a punitive discharge. Regarding a possible sentence to a punitive discharge, the military judge did instruct the court members that a bad-conduct discharge, like a dishonorable discharge, is severe punishment. Specifically, we sought analysis as to whether this case is covered by our holding in *United States v. Lenard*, 27 M.J. 739 (A.C.M.R.1988) (veteran of prior Navy service with an honorable discharge not entitled to instruction at issue in a special court-martial). This appellant has had prior enlistments in the Army that were completed honorably and he has not had a break in service.

Since our ordering of briefs, the Court of Military Appeals has decided *Waller v. Swift*, 30 M.J. 139 (1990). Chief Judge Everett observed that *Waller* "had received an honorable discharge with respect to an earlier period of service and, therefore, would be entitled to receive veteran's benefits related to that earlier period of service despite the bad-conduct discharge [from a general court-martial] that terminated his current service." The only additional benefits at issue because of the current period of service would be the entitlements related to a finding of a medical disability initiated during this enlistment. Indeed, most of Staff Sergeant Waller's benefits from the Veterans' Administration had vested because of his prior period of honorable service and were not forfeited even though he later received a bad-conduct discharge adjudged by a general court-martial.[1]

■ While we find no error, we note that had error occurred, the appellant waived it by not objecting to the instruction. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1005(e) and (f). Certainly plain error did not occur. The omission of an instruction about the effects of a disability arising in the current enlistment and the possible loss of benefits administered by other federal

---

1. *United States v. Harris*, 26 M.J. 729, 734 (A.C. M.R.1988), should be read carefully in view of the holding we make here and *Waller v. Swift*, 30 M.J. 139 (1990).

or state agencies did not affect the sentence.

■ We note that the guidelines provided to military judges to give the instruction at issue make an unusual foray into the jungle of administrative consequences of a court-martial, but do not take cognizance of what in *Waller* was the most significant factor, whether or not the accused had a prior period of qualifying honorable service. We observe that such consequences keenly and understandably interest court members. Justice would be well-served to paint more accurately the picture set before court members. The two most salient factors we see in that regard are a prior period of qualifying honorable service and disability that may arise during the current period of service.

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GIUNTINI concur.

UNITED STATES, Appellee,