**18**

UNITED STATES, Appellee,

v.

**Larry L. GOODWIN, Staff Sergeant, U.S. Army, Appellant.**

No. 65,296.
CM 8901129.

U.S. Court of Military Appeals.

Argued April 23, 1991.

Decided Aug. 9, 1991.

For Appellant: *Captain Jay S. Eiche* (argued); *Lieutenant Colonel Russell S. Estey* and *Captain Timothy P. Riley* (on brief).

For Appellee: *Captain Kenneth H. Goetzke, Jr.* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Randy V. Cargill* (on brief).

*Opinion of the Court*

EVERETT, Senior Judge:

On March 29, 1989, Staff Sergeant Larry L. Goodwin was tried at Baumholder, Federal Republic of Germany, by a general court-martial including enlisted members. Contrary to his pleas, he was convicted of extortion, assault and battery, and adultery, in violation of Articles 127, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 927, 928, and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 months, and total forfeitures. The convening authority approved, and the Court of Military Review affirmed, these results. 30 MJ 989 (1990).

We granted review to determine whether the military judge committed error by failing to instruct the court members that appellant (a soldier who had completed prior enlistments honorably without a break in service) would lose substantially all benefits administered by the Veterans' Administration [1] if he were sentenced to a bad-conduct discharge. 32 MJ 245. However, we

---

**1.** Now the Department of Veterans Affairs, Pub.L. No. 100–527, § 2, 102 Stat. 2635 (1988).

find no prejudicial sentencing error and affirm.

During his sentencing instructions, the military judge gave the standard instruction concerning a bad-conduct discharge:

A bad-conduct discharge is, also, a severe punishment although less severe than a dishonorable discharge and may be adjudged for one who, in the discretion of the court, warrants severe punishment for bad conduct.

However, he did not instruct the court members that a dishonorable or bad-conduct discharge adjudged by a general court-martial would deprive the accused "of substantially all benefits administered by the Veterans' Administration," [2] but appellant did not object to omission of this instruction or request that it be given.

### A

Goodwin now contends that the substance of the omitted instruction is accurate and also is required—at least, where the accused has requested it. He disagrees with the Court of Military Review's decision in *United States v. Lenard*, 27 MJ 739 (ACMR 1988), which held that omission of the same instruction was not error because the accused "had already qualified for most Veterans' benefits based on" an earlier period of service that had ended in an honorable discharge. *Id.* at 740. *See* 38 USC § 101(2). The court in *Lenard* further pointed out that, under the provisions of 38 USC § 3103(a), "[t]he discharge or dismissal by reason of the sentence of a general court-martial ... shall bar all rights of such person under laws administered by the Veterans' Administration based upon the *period of service* from which discharged or dismissed." 27 MJ at 740 (emphasis added by ACMR). Still, appellant claims that the decision was incorrect because it permits the judge to look beyond the general consequences of a discharge and to look at the specific impact on this

specific accused of the administrative consequences of a punitive discharge.

On the other hand, the Government takes the position that omitting the instruction as to veterans' benefits was appropriate. As *Lenard* points out, an accused who, like appellant, has completed prior enlistments honorably would *not* be deprived of "substantially all" veterans' benefits; and, while courts should not look to the specific administrative consequences on a specific accused, neither should court members be affirmatively misled about such a matter. 27 MJ at 740. Furthermore, the Government contends that the instruction is not a mandatory one, *see* RCM 1005(e), Manual for Courts–Martial, United States, 1984, and should only be given when it is requested by the accused. Finally, the Government argues that, since omission of the instruction was not plain error, *see United States v. Fisher*, 21 MJ 327, 328 (CMA 1986); *see also* RCM 1005(f), appellant waived appellate consideration of the omission by not objecting thereto.

### B

We are in substantial agreement with the Government. As we recently observed in *Waller v. Swift*, 30 MJ 139 (CMA 1990), an accused who had "received an honorable discharge with respect to an earlier period of service ... would be entitled to receive veterans' benefits related to that earlier period of service despite" a general court-martial's adjudging a "bad-conduct discharge that terminated his current" service. *Id.* at 144. Specifically, in *Waller* we noted that most of the accused's veterans' benefits had already vested because of his prior period of honorable service and had not been forfeited because he subsequently received a bad-conduct discharge adjudged by a general court-martial.

Goodwin, too, had prior enlistments in the Army that were completed honorably without a break in service. Hence, Goodwin, like Waller, would *not* be deprived of

---

2.  Para. 2–37, Military Judge's Benchbook at 2–44 (Dept. of the Army Pamphlet 27–9 (Change 2, Oct.1986)).

"substantially all" benefits administered by the Veterans' Administration; and an instruction to the contrary would have been erroneous. Indeed, even as to the possibility of losing benefits that otherwise Goodwin would receive because of any medical disability occurring in his current enlistment, appellant has not alleged that he is suffering from any such disability or that he has any intention whatsoever of claiming such benefits. *Cf. United States v. Griffin*, 25 MJ 423 (CMA), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988).

In any event, the omitted instruction is not mandatory, *see* RCM 1005(e). Therefore, not having requested it at trial, appellant has waived appellate complaint about its omission in the absence here of any plain error. *See* RCM 1005(f).

## C

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judge COX concur.