UNITED STATES

v.

**Staff Sergeant Paul V. LONGHI, FR129–60–6806, United States Air Force.**

**ACM S28621.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Nov. 1991.

Decided 5 March 1993.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Captain Ursula P. Moul, and Captain Michael C. Barrett.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis and Captain Carlos L. McDade.

Before LEONARD, JAMES, and JOHNSON, Appellate Military Judges.

OPINION OF THE COURT

LEONARD, Senior Judge:

This case deals exclusively with the correctness of an instruction stating veteran's benefits from a prior enlistment are "vested" and are not forfeited by a punitive discharge adjudged in a later enlistment. Appellant contends the trial judge erred when he instructed the court members on the effects of a punitive discharge:

> This court may adjudge a bad conduct discharge. Such a discharge deprives one of substantially all benefits administered by the Department of Veterans Affairs and, for that matter, by the Department of the Air Force, that are based on his current term of service. However, vested benefits from a prior period of honorable service are not forfeited by receipt of a bad conduct discharge which would terminate the accused's current term of service.

Appellant takes issue with the use of the word "vested" in the instruction. He provides us an opinion by the General Counsel of the Department of Veterans Affairs stating veteran's benefits do not "vest." At trial, appellant and his counsel argued against a bad-conduct discharge, but he contends that by erroneously implying appellant's veteran's benefits were "vested" the military judge "gutted the impact of his argument." Although we agree using the

term "vested" may not be technically correct, we find no prejudicial error.*

■ The opinion appellant relies upon states a veteran's benefits do not vest. A punitive discharge adjudged by a court-martial may cause forfeiture of a veteran's benefits for a prior period of service. Veterans benefits are forfeited when the court-martial adjudging the discharge convicts the veteran of certain offenses. The offenses are mutiny, sedition, aiding the enemy, spying, espionage, treason, rebellion, subversive activities, sabotage, and certain violations of the Atomic Energy Act of 1954 and the Internal Security Act of 1950. Department of Veterans Affairs Office of General Counsel Memorandum Opinion, Precedent 61–91, July 17, 1991, p. 8.

■ If we view the military judge's instruction in its entirety instead of concentrating only on the word "vested," it contains a correct statement of the law for appellant's veteran's benefits earned in his prior enlistment. The court-martial adjudging appellant's bad-conduct discharge did not convict him of any of the offenses that would cause a forfeiture of his prior earned veteran's benefits. It convicted him of wrongful use of marijuana. Therefore, as the military judge instructed, appellant's veteran's

> benefits from a prior period of honorable service are not forfeited by receipt of a bad conduct discharge that would terminate ... [his] current term of service.

See also *United States v. Goodwin*, 33 M.J. 18, 19 (C.M.A.1991); *United States v. Hansen*, 36 M.J. 599, 612 (A.F.C.M.R.1992); Air Force Pamphlet 110–3, *Civil Law*, attachment 2, Incidents of Discharge (Dec. 1987).

Therefore, though the military judge's use of the term "vested" may not be technically correct according to the Department of Veterans Affairs, the essence of the judge's instruction was correct. Further, the punitive discharge instruction correctly emphasized the severity of a punitive discharge as punishment.

After examining the record of trial, the assignment of errors, and the government's reply, we conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused occurred. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judges JAMES and JOHNSON concur.

---

* Although he had the opportunity to do so, appellant did not object to the military judge's instruction at trial. Absent plain error, his failure to object waived any instructional error. R.C.M. 1005(f). We considered appellant's assignment of error to assert that it constitutes plain error to instruct veteran's benefits "vest."

Appellate counsel should have recognized the issue of waiver and addressed it in their briefs. We are disappointed by the failure of either party to do so.